IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § |
| Plaintiff, | § § |
| and | § § |
| JAMES EBOKA, | § § |
| Plaintiff-Intervenor | § § CIVIL ACTION NO. H-99-3097 |
| v. | § § |
| CHARLIE THOMAS FORD, INC. | § § § |
| Defendant. | § § |

## CONSENT DECREE

The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), alleges in this suit that Defendant Charlie Thomas Ford, Inc., and its present, past and/or future parent companies, affiliates and subsidiaries, as well as its predecessors and successors (collectively "Defendant"), harassed and constructively discharged James Eboka from his position as a sales person on April 30, 1998 because of national origin and race, (African/Nigerian and Black, respectively) in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). This Court granted Mr. Eboka's motion to intervene in this action on December 22, 1999.

Defendant denies the Commission's and Eboka's allegations of race and national origin discrimination.

The parties have reached a compromise and wish to avoid the expenses of continued

litigation.

The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law.

IT IS THEREFORE ORDERED:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in EEOC Charge No. 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 and Civil Action No. H-99-3097. The monetary award and other agreements herein are made in full and final settlement of all claims asserted by the Commission on behalf of James Eboka in Civil Action No. H-99-3097.

2. Defendant agrees that it will make its best efforts to not discriminate against any employee or applicant for employment because of his or her national origin or race in violation of Title VII. Defendant asserts it has policies in place to further these efforts.

3. Defendant agrees that it will make its best efforts to not discriminate or retaliate in any manner against any individual because he or she has made a charge, testified, assisted, or participated in any manner in the investigation by the Commission or court proceeding in connection with this case. Defendant has policies in place to further these efforts.

4. Defendant agrees to pay James Eboka a confidential sum. This payment will be made within ten (10) days from the entry of this Consent Decree.

5. Any inquiries as to Mr. Eboka's employment directed to Defendant's human resources department will be responded to only by providing Mr. Eboka's dates of employment. No reference shall be made in response to inquiries to Defendant's human resources department to Mr. Eboka' charge of discrimination, this lawsuit or this Consent Decree.

6. Defendant agrees to segregate all documents related Mr. Eboka's charge of

a
b

discrimination, his lawsuit and the Commission's lawsuit in a separate confidential folder. These documents shall not be a part of Mr. Eboka's personnel file.

7. Defendant agrees that it has a compliance program, which, among other things, includes a toll-free number, available 24-hours a day and monitored by a third-party service, which employees may call to report any complaints or issues related to their employment.

8. Defendant agrees to investigate Mr. Eboka's allegations concerning his attempted notification of his complaints to Defendant.

9. Defendant agrees to post, in a public areas of its facilities, a notice of nondiscrimination. The notice is attached as Exhibit "A."

10. Defendant agrees that after the events alleged by Mr. Eboka that it instituted a non-discrimination training for all its employees.

11. The parties shall bear their own costs and attorney's fees.

Signed on this _____23_____ day of ___June___ 2000 at Houston, Texas.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

3